## 10 CV 206

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Judge Hellerstein



| | |
|---|---|
| CORPORACIÓN MEXICANA DE MANTENIMIENTO INTEGRAL, S. DE R.L. DE C.V., | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| PEMEX-EXPLORACIÓN Y PRODUCCIÓN | ) ) ) ) |
| Respondent. | ) ) ) |

Civil Action No. _____

## PETITION TO CONFIRM ARBITRAL AWARD

Petitioner, Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. ("COMMISA"), by and through its attorneys, King & Spalding LLP, alleges and avers as follows in support of its petition for entry of an order pursuant to 9 U.S.C. §§ 207, 302, and 304: (i) confirming and recognizing the final arbitral award (the "Award") in the arbitration between Petitioner and Respondent PEMEX-Exploración y Producción ("PEP"), captioned *Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. PEMEX- Exploración y Producción*, International Court of Arbitration of the International Chamber of Commerce, Case No. 13613/CCO/JRF (the "Arbitration"); (ii) entering judgment in COMMISA's favor against PEP in the amount of the Award with interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding COMMISA such other and further relief as the Court deems just and proper.

## PARTIES, JURISDICTION AND VENUE

1.      Petitioner COMMISA is a corporation organized and existing under the laws of Mexico.  COMMISA's address is Av. Francisco I. Madero No 1955 Pte., Edificio Santos, 3er Piso, Col. Zona Centro, Moterrey Nuevo Leon, C.P.  6400. COMMISA is a subsidiary of KBR, Inc., a corporation organized and existing under the laws of the State of Delaware, with headquarters at 601 Jefferson Street, Suite 3400, Houston, Texas 77002.

2.      Respondent PEP is organized and exists under the laws of the sovereign State of Mexico.  PEP's address is Pemex-Exploración y Producción, Gerencia de Recursos Materiales, Boulevard Adolfo Ruiz Cortines No. 1202, Edificio Piràmide, Piso 4, Fracc. Oropeza, Villahermosa, Tabasco.  PEP is a subsidiary of Petróleos Mexicanos ("PEMEX"), the national oil company of Mexico, and as such, PEP is a public entity of the Federal Government of the United Mexican States.

3.      PEP is a "foreign state" under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a).  PEP is not immune from the jurisdiction of this Court because the FSIA denies immunity to a foreign state in an action to enforce an international commercial arbitration award. Specifically, 28 U.S.C. § 1605(a)(6) provides that a foreign state shall not be immune from any case "either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, *or to confirm an award made pursuant to such an agreement to arbitrate, if* . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards."

4.     In this proceeding, Petitioner COMMISA seeks confirmation and recognition of an arbitral award issued in an arbitration that took place in Mexico City from November 27, 2007 through December 5, 2007.  The arbitration occurred pursuant to an agreement between Respondent and Petitioner.  The arbitration was administered by the International Court of Arbitration of the International Chamber of Commerce (the "ICC") and conducted pursuant to the Rules of Arbitration of the ICC.  The arbitration tribunal issued the Award on December 16, 2009 in favor of COMMISA in the amount of $286,101,437.17 United States dollars plus $34,459,557.58 Mexican pesos (approximately 3 million dollars) plus interest as set forth in the Award.  In addition, the tribunal also awarded $7,544,536.39 in litigation and administrative fees and expenses.

5.     Both Mexico and the United States are signatories to the Inter-American Convention on International Commercial Arbitration, *opened for signature* Jan. 30, 1975, OAS SER A20(SEPEF), 14 I.L.M. 336, 1438 U.N.T.S. 245 (entered into force in the United States on September 27, 1990) (the "Panama Convention"), implemented in Chapter 3 of the Federal Arbitration Act, 9 U.S.C. § 301 *et seq.*  Petitioner's rights to confirm the arbitration award arise under the Panama Convention, which calls for the recognition and confirmation of the award in favor of Petitioner.

6.     This Court has original subject matter jurisdiction over COMMISA's Petition to confirm and recognize the final arbitral award pursuant to 9 U.S.C. § 203, which provides that the United States District Courts have original subject matter jurisdiction over a proceeding governed by the Panama Convention.

7.     This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), which provides that the district courts shall have original jurisdiction of any nonjury

civil action against a foreign state as defined in 28 U.S.C. §1603(a) with respect to which the foreign state is not entitled to immunity under either 28 U.S.C. §§1605-1607 or any applicable international agreement. As shown above, 28 U.S.C. §1605(a) provides that PEP is not entitled to immunity because this is a proceeding to confirm an arbitral award rendered pursuant to an arbitration agreement governed by the Panama Convention.

8.      Venue in this Court is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(c) and (d).

9.      This Court has personal jurisdiction over PEP pursuant to 28 U.S.C. §1330(b), which provides that this Court can exercise personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to immunity under 28 U.S.C. §1605.

## FACTUAL BACKGROUND

10.     COMMISA and PEP executed Contract No. PEP-O-129/97 (the "EPC-1 Contract") on October 22, 1997. Documents relevant to this petition are authenticated by and attached as exhibits to the accompanying affidavit of Richard T. Marooney dated January 11, 2009 ("Marooney Aff."). A duly certified copy of the EPC-1 Contract is attached to the Marooney Affidavit as Exhibit 1. A duly certified English translation of the EPC-1 Contract is attached to the Marooney Affidavit as Exhibit 2.

11.     Pursuant to the EPC-1 Contract, COMMISA agreed to perform, and PEP agreed to pay COMMISA for, services in connection with the construction and installation of two large offshore platforms and ancillary structures, including certain "engineering, procurement, fabrication, transportation, installation, hook-up, testing, and start up of one compression platform, one processing platform and related structures at the Akal-C Complex." Marooney Aff. Ex. 2 at ¶¶ 2–3.

4

12.     COMMISA and PEP executed the Specific Agreement for the Completion of Additional Work Under Contract No. PEP-O-129/97 (the "Specific Agreement C") on May 26, 2003. A duly certified copy of the Specific Agreement C is attached to the Marooney Affidavit as Exhibit 3. A duly certified English translation of the Specific Agreement C is attached to the Marooney Affidavit as Exhibit 4.

13.     Pursuant to the Specific Agreement C, COMMISA agreed to perform, and PEP agreed to pay COMMISA for services in connection with additional work of the EPC-1 project. *See* Ex. 4 at ¶¶ 2–3.

14.     After disputes arose between PEP and COMMISA under the EPC-1 Contract and Specific Agreement C, COMMISA commenced arbitration on December 1, 2004 pursuant to Paragraph 23.3 of the EPC-1 Contract and Paragraph 19.3 of the Specific Agreement C.

15.     Paragraph 23.3 of the EPC-1 Contract provides:   "Any controversy, claim, difference, or dispute that may arise from or that is related to, or associated with, the present Contract or any instance of breach with the present Contract, shall be definitively settled through arbitration conducted in Mexico City, D.F., in accordance with the Conciliation and Arbitration Regulations of the International Chamber of Commerce that are in effect at that time." Marooney Aff. Ex. 2 at ¶ 23.3.

16.     Paragraph 19.3 of the Specific Agreement C similarly provides: "Any difference or dispute that may arise or that is related to, or associated with this Specific Agreement C or any instance of breach with this Agreement, shall be definitively settled through arbitration conducted in Mexico City, D.F., in accordance with the Conciliation and Arbitration Regulations of the International Chamber of Commerce that are in effect at that time." Marooney Aff. Ex. 4 at ¶ 19.3.

17.     In accordance with the ICC Rules, Paragraph 23.3 of the EPC-1 Contract, and Paragraph 19.3 of the Specific Agreement C, COMMISA and PEP submitted their claims and counterclaims for resolution to a three-member arbitral tribunal (the "Arbitral Tribunal"), which conducted a seven-day hearing concluding on December 5, 2007.

18.     The Arbitration Tribunal issued the Award on December 16, 2009.  A duly certified copy of the Award is attached as Exhibit 5 to the Marooney Affidavit.   Petitioner is in the process of obtaining a certified English translation of the Award which will be submitted to the Court promptly upon receipt by Petitioner.

19.     The Arbitration Tribunal found in favor of COMMISA.  The Award issued by the arbitration tribunal on December 16, 2009 provides that PEP must pay COMMISA the amount of $286,101,437.17 United States dollars plus $34,459,557.58 Mexican pesos (approximately 3 million dollars) plus interest as set forth in the Award.  In addition, the tribunal also awarded $7,544,536.39 United States dollars in litigation and administrative fees and expenses.

20.     No grounds exist for this Court to refuse confirmation and recognition of the Award.

21.     PEP is not entitled to immunity in this proceeding because it is a proceeding to confirm an arbitral award governed by the Panama Convention.  See 28 U.S.C. § 1605(a)(6).

WHEREFORE, Petitioner COMMISA respectfully requests that this Court enter an order and judgment, pursuant to 9 U.S.C. §§ 207, 302, and 304: (i) confirming and recognizing the final arbitral Award;  (ii) entering judgment in favor of COMMISA and against PEP in the amount of the Award with the interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding COMMISA such other and further relief as the Court deems just and proper.

January 11, 2010                         KING & SPALDING LLP

By: _____
Richard T. Marooney
Kana A. Ellis
King & Spalding, LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: 212-556-2100
Fax: 212-556-2222


Attorneys for Petitioner
CORPORACION MEXICANA DE
MANTENIMIENTO INTEGRAL,
S. DE R.L. DE C.V.


Charles C. Correll, Jr
101 Second Street, Suite 2300
San Francisco, CA 94105
Of Counsel for Petitioner
CORPORACION MEXICANA DE
MANTENIMIENTO INTEGRAL,
S. DE R.L. DE C.V.